## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE | : | CHAPTER 13 |
|  | : |  |
| MARKEYES D. ANDERSON | : | CASE NO: 22-11238ELF |
|  | : |  |
| Debtor | : |  |
|  | : |  |
| _____ | : |  |

## ORDER TO PAY WAGES TO THE TRUSTEE

AND NOW, upon consideration of the Debtor's Motion to Pay Trustee Through Wage Deduction, and upon representation of the Debtor, the Court finds:

The above-named Debtor has pending in this Court a case under Chapter 13 of Title 11 and, pursuant to the provisions of said statute and of the Debtor's plan, the Debtor has submitted such portion of Debtor's future earnings or income to the control of the trustee as is necessary for the execution of the plan; and

Under the provisions of 11 U.S.C. § 1325(c) and § 105 an entity may be required, upon Order of this Court, to pay over such portion of the wages, earnings or income of the Debtor as may be needed to effectuate said plan, and that such an Order is necessary and proper, now therefore,

IT IS ORDERED that, until further Order of this Court, Debtor's employer, **Southeastern PA Transportation Authority, Attn: Payroll, 1234 Market St. Philadelphia PA 19107-3780,** deduct from the earnings or income of Markeyes Anderson, the sum of **$414.46 from each weekly pay period**, and deduct a similar amount for each pay period thereafter, including any period for which the Debtor receives periodic or lump sum payment for or on account of vacation, termination

or other benefits arising out of present or past employment of the Debtor, and forthwith remit the sums so deducted to:

Kenneth E. West, Esquire
Chapter 13 Trustee
P.O. Box 1799
Memphis, TN 38101-1799
Case No. 22-11238

IT IS FURTHER ORDERED that all earnings, wages and income of the Debtor, except the amounts required to be withheld by the provisions of any laws of the United States, the laws of any state or political subdivision, or by any insurance, pension or union dues agreement between said entity and the Debtor, or by Order of this Court, be paid to the aforesaid Debtor in accordance with the entity's usual payroll procedure.

_____  5/31/22
Eric L. Frank
United States Bankruptcy Judge